[Cite as *State v. McKenzie*, 2018-Ohio-4321.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J |
| Plaintiff – Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17-CA-49 |
| DONALD L. McKENZIE | |
| Defendant – Appellant | O P I N IO N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Fairfield County<br>Municipal Court Case No. 17TRC04954 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 24, 2018 |
| APPEARANCES: | |


| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| TAMAS D. TABOR<br>Assistant City Prosecutor<br>136 W. Main Street<br>Lancaster, OH  43130 | ANDREW SANDERSON<br>Burkett & Sanderson<br>738 East Main Street<br>Lancaster, OH  43130 |

*Hoffman, J.*

{¶1} Appellant Donald L. McKenzie appeals the judgment entered by the Fairfield County Municipal Court convicting him of operating a vehicle while intoxicated (R.C. 4511.19(A)(1)(a)) following his plea of no contest. Appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} At approximately 1:15 a.m. on April 30, 2017, Trooper Daniel Muck of the Ohio State Highway Patrol stopped a Cadillac in Lancaster, Ohio. While conducting standardized field sobriety checks on the driver, he saw a motorcycle travel recklessly through an intersection. The motorcycle was operated by Appellant's son-in-law, Richard Runyon. Appellant was operating a three-wheeled motorcycle in front of the motorcycle operated by Runyon.

{¶3} Trp. Muck began to pursue the motorcycle operated by Runyon, observing him travel outside of marked lanes. He initiated a stop of Runyon's motorcycle. Appellant also stopped.

{¶4} Trp. Muck approached Runyon and began explaining why he stopped him. In the course of conversation, Runyon told Trp. Muck the vehicle was owned by Appellant. Appellant got off his three-wheeled motorcycle and walked toward the trooper with the paperwork for the motorcycle. When Appellant engaged the trooper in conversation, he noticed Appellant's eyes were red, bloodshot and glassy; his speech was slurred, and he smelled of alcohol. The trooper asked if they had consumed any alcohol, and Appellant stated they had "quite a few."

{¶5} Appellant was charged with OVI in violation of R.C. 4511.19(A)(1)(a) and operating a vehicle with a prohibited breath alcohol concentration. He filed a motion to

suppress, arguing the trooper did not have a reasonable suspicion of criminal activity to stop him, and further the officer could not detain him after the initial stop, but rather was required to tell him he was free to leave. The court overruled the motion, finding Appellant was not stopped by the trooper but voluntarily chose to stop and engage the officer in conversation.

{¶6} Appellant entered a plea of no contest to OVI, and the charge of driving with a prohibited breath alcohol concentration was dismissed. He was convicted upon his plea and sentenced to 180 days incarceration with 165 suspended. It is from the November 30, 2017 judgment of conviction and sentence he prosecutes this appeal, assigning as error:


THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING

THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE.


{¶7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141(1991); *State v. Guysinger*, 86 Ohio App.3d 592, 621 N.E.2d 726(1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for

committing an error of law. *State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d 1141 (1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 641 N.E.2d 1172 (1994); *State v. Claytor*, 85 Ohio App.3d 623, 620 N.E.2d 906 (1993); *Guysinger, supra.* As the United States Supreme Court held in *Ornelas v. U.S.*, 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶8} When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses. See *State v. Dunlap,* 73 Ohio St.3d 308, 314, 1995–Ohio–243, 652 N.E.2d 988; *Fanning, supra.*

{¶9} Appellant argues the officer lacked a reasonable suspicion of criminal activity to stop him. He argues because he responded to the officer's signal to pull over, if he was not the target of the officer's investigation, it was incumbent upon the officer to inform him he was free to leave, citing *State v. Chatton,* 11 Ohio St. 3d 59, 463 N.E.2d 1237 (1984).

{¶10} The trial court found Appellant was not seized within the meaning of the Fourth Amendment's protection against unreasonable searches and seizures. A person

is seized in an investigatory stop when in view of all the circumstances surrounding the incident, by means of physical force or show of authority, a reasonable person would have believed he was not free to leave or was compelled to respond to questions. *State v. Taylor*, 106 Ohio App.3d 741, 747–748, 667 N.E.2d 60 (1995).

{¶11} Trooper Muck testified he intended to stop the back motorcycle, driven by Runyon, for attempting to do a "burn-out" while proceeding through an intersection and for traveling outside his lane of travel. He testified he did not speak to Appellant at first, and would not have pursued Appellant if he had driven off. The video from the trooper's dash-cam also demonstrates he did not engage Appellant in conversation nor did he acknowledge Appellant had stopped, but rather he immediately went to Runyon's motorcycle to discuss the reason for the stop. Appellant got off his three-wheeled motorcycle and approached Trooper Muck with the paperwork for the motorcycle operated by Runyon. Whether or not Appellant believed the officer's signal was intended for both motorcycles, after he stopped, Appellant initiated the contact with the officer by getting off his motorcycle, approaching the officer as he was discussing the stop with Runyon, and engaging the officer in conversation. We find the trial court did not err in finding Appellant was not seized for Fourth Amendment purposes in the initial stop. Once Appellant approached the officer and initiated a conversation, Trooper Muck testified he noticed Appellant's eyes were red, bloodshot and glassy; his speech was slurred, and he smelled of alcohol. The trooper asked if they had consumed any alcohol, and Appellant stated they had "quite a few." At this point, the officer possessed a reasonable suspicion of criminal activity to justify further detention pursuant to *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

{¶12} Appellant argues pursuant to *State v. Chatton,* it was incumbent upon Trooper Muck to indicate to Appellant he was free to leave. In *Chatton,* the police officer stopped a car which displayed neither front nor rear license plates. Upon approaching the stopped vehicle, the officer observed a temporary tag visible through the rear windshield. He then asked the driver to produce his driver's license and registration. As a result, he determined the driver's license was suspended. He then asked the driver to step out of the car, and placed him under arrest. Upon searching the vehicle, the officer found a gun under the driver's seat of the car.

{¶13} The Ohio Supreme Court held the detention of the driver to check his driver's license violated the Fourth Amendment. *Chatton, supra,* at 63. Once the officer observed the temporary tag, he no longer had a reasonable suspicion the vehicle was not properly registered or licensed, and he could not further detain the driver and demand he produce his driver's license. *Id.*

{¶14} The instant case is distinguishable from *Chatton.* Appellant was not stopped by Trooper Muck, as discussed above. Rather, he voluntarily stopped when Runyon was stopped. Both the dash-cam video and the Trooper's testimony demonstrate he ignored Appellant immediately after the stop, while discussing the reason for the stop with Runyon. Appellant then voluntarily approached the officer and began to converse with him, producing the registration for the motorcycle Runyon was operating. In contrast, in *Chatton,* the vehicle in question was the target of the officer's stop, and the officer approached the driver of the vehicle, asking for his license and registration.

{¶15} Further, unlike the officer in *Chatton,* immediately upon his contact with Appellant, Trooper Muck noted indicia of intoxication.  At the time Trooper Muck asked Appellant for his driver's license, he had a reasonable suspicion of criminal activity to justify the further detention of Appellant.  In *Chatton,* the officer did not have any reason to continue the detention at the time he asked for the driver's operator's license, and did not develop a reason to continue the detention until he checked the status of the driver's license.

{¶16} We find the trial court did not err in overruling Appellant's motion to suppress.

{¶17} The assignment of error is overruled.  The judgment of the Fairfield County Municipal Court is affirmed.

By: Hoffman, J.

Wise, P.J.  and

Wise, Earle, J. concur